Filed
D.C. Superior Court
08/05/2022 16:20PM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| JEANNIE DICLEMENTI<br>6622 HARLAN PL NW<br>WASHINGTON, DC 20012<br><br>**Plaintiff,**<br><br>v.<br><br>LYFT, INC.<br>185 Berry Street, Suite 5000<br>San Francisco, CA 94107<br><br>Serve:  CT Corporation System<br>              1015 15th St NW<br>              Washington, DC 20005<br><br>AND<br><br>MYONG GUN KIM<br>1530 D Street SE<br>Washington, DC 20003<br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: __2022 CA 003500 B__<br>)<br>)<br>)  Jury Requested<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff Jeannie DiClementi (hereinafter "Plaintiff") by and through her undersigned counsel, Burns Sheppard Favors, and files this, her Complaint against Defendant, MYONG GUN KIM (hereinafter "Defendant"), and says:

### BACKGROUND

1. Jurisdiction of this Court is proper pursuant to D.C. Code §§ 11-921 (Civil Jurisdiction).

2. Venue in this judicial district is appropriate insofar as a substantial portion of the events, acts, and/or omissions giving rise to Plaintiffs claims occurred in the District of Columbia.

1

3. This court has personal jurisdiction over Defendant pursuant to D.C. Code § 13-423 in that Defendant, MYONG GUN KIM caused a tortious injury in the District of Columbia by act or omission.

## PARTIES

4. At all times material hereto, the Plaintiff, JEANNIE DICLEMENTI, was and is a resident of the State of Indiana and lives at 4017 Coleman Ave., Fort Wayne, Indiana 46804.

5. At all times material hereto, the Defendant, MYONG GUN KIM, was and is a resident of the State of Virginia and lives at 7852 Oreana Dr., Annandale, Virginia 22003.

6. At all times material hereto, the Defendant, Lyft, Inc., was and is a Delaware corporation having its principal place of business in the State of California at 185 Berry St., Suite 5000, San Francisco, CA 94107 and authorized to do business in the District of Columbia.

7. The cause of action forming the basis of this Complaint arose out of a motor vehicle accident that occurred in the District of Columbia on April 10. 2022.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. On April 10, 2022, Plaintiff was a passenger of a car driven by MYONG GUN KIM.

9. The vehicle in which Plaintiff was a passenger was operated in Washington, DC near 1000 H St NW, Washington, DC 20001.

10. At said time and place of this incident, Defendant, MYONG GUN KIM, was operating a 2020 Toyota Rav4 having Vehicle Identification Number 2T3K1RFV3LW093609.

11. As Plaintiff was entering the vehicle which Defendant MYONG GUN KIM was operating, Defendant suddenly, and without warning, began to drive, while Plaintiffs

leg was still on the ground, causing plaintiff to fall to the ground, and causing Plaintiff to suffer severe injury.

12. At said time and place, Defendant, MYONG GUN KIM, was operating his vehicle while utilizing the Lyft app.'

13. At said time and place of this incident, Defendant, MYONG GUN KIM, was picking up passengers and/or the incident occurred during a ride.

14. At said time and place of this incident, Defendant, MYONG GUN KIM, was operating the vehicle within the course and scope of his employment with Defendant, Lyft, Inc.

15. As a result of the accident, Plaintiff suffered both serious physical and psychological injuries and permanent disability, has suffered and may continue to suffer a loss of wages and earning capacity, has incurred and may incur in the future, hospital, doctor, and other related bills and will continue to suffer significant pain and functional disabilities.

16. At all times relevant hereto, Plaintiff was acting free and clear of any and all contributory negligence.

**COUNT I**
**(NEGLIGENCE -MYONG GUN KIM)**

17. Plaintiff incorporates by reference all other paragraphs of this Complaint in full force and effect as if fully alleged herein.

18. Defendant, MYONG GUN KIM, owed Plaintiff a duty to act reasonably under the circumstances including, but not limited to, a duty to operate his vehicle in a proper fashion, a duty to safely transport his passengers, and a duty to not cause passengers to fall.

3

19. Defendant MYONG GUN KIM, breach this duty to Plaintiff by:

    a. failing to pay full attention to the road;

    b. failing to pay full attention to his passengers;

    c. operating the vehicle in a reckless manner,

    d. failing to otherwise act as a reasonable person would under the circumstances; and

    e. failing to otherwise use that degree of caution and attention which a person of ordinary skill and judgment would use under similar circumstances.

20. As a direct and proximate result of each of the careless and negligent acts committed by Defendant, MYONG GUN KIM, Plaintiff was seriously and permanently injured without contributory negligence or assumption of the risk on the part of Plaintiff, without an opportunity for Plaintiff to avoid the incident.

21. As a direct and proximate result of each of the careless and negligent acts committed by Defendant, MYONG GUN KIM, Plaintiff suffered injuries has incurred, and may continue to incur, expenses for medical care and attention; has suffered serious and permanent injury that has significantly affected his ability to perform his customary daily activities, has suffered lost wages, and has suffered, and will continue to suffer, physical pain and mental anguish.

## COUNT II
### (NEGLIGENCE RESPONDEAT SUPERIOR – DEFENDANT LYFT)

22. Plaintiff incorporates by reference all other paragraphs of this Complaint in full force and effect as if fully alleged herein.

23. At all times alleged herein, Defendant MYONG GUN KIM, was acting as an agent and/or employee of Defendant, LYFT, INC.

4

24. Under the doctrine of *respondeat superior*, Defendant, LYFT, INC., is vicariously liable for the negligence of Defendant Boyd, and the injuries and damages that he caused Plaintiff to sustain.

25. As a direct and proximate result of each of the careless and negligent acts committed by Defendant, LYFT, INC., Plaintiff suffered injuries has incurred, and may continue to incur, expenses for medical care and attention; has suffered serious and permanent injury that has significantly affected his ability to perform his customary daily activities, has suffered lost wages, and has suffered, and will continue to suffer, physical pain and mental anguish.

26. As a direct and proximate result of each of the careless and negligent acts committed by Defendant, MYONG GUN KIM, Plaintiff was seriously and permanently injured without contributory negligence or assumption of the risk on the part of Plaintiff, without an opportunity for Plaintiff to avoid the incident.

## COUNT III
### (NEGLIGENCE: NEGLIGENT HIRING, SUPERVISION, AND TRAINING – DEFENDANT LYFT)

27. Plaintiff incorporates by reference all other paragraphs of this Complaint in full force and effect as if fully alleged herein.

28. The above-described acts of Defendant MYONG GUN KIM were committed while he was acting as an actual and/or apparent agent, servant, employee, representative, and/or independent contractor under the control, supervision, and direction of Defendant Lyft.

29. Defendant Lyft had a duty to use reasonable care to select, supervise, and/or train an employee who was competent and fit to perform their duties. Defendant, LYFT, INC. had actual and/or constructive knowledge of Defendant MYONG GUN KIM's inability to complete these tasks responsibly. A reasonably prudent employer would

5

not have ignored such indications of Defendant MYONG GUN KIM's unfitness for such duties.

30. Defendant, LYFT INC., knew, or should have known, that Defendant, MYONG GUN KIM was an unfit employee to operate a vehicle. Plaintiff as a member of the public traveling in a vehicle on the highway, was a reasonably foreseeable victim of Defendant, LYFT, INC. failure to properly hire, supervise, and/or train drivers such as Defendant MYONG GUN KIM. Defendant, LYFT, INC., failed its duty to use reasonable care to select and/or train and supervise an employee fit for the position.

31. As a direct and proximate result of Defendant, LYFT, INC., negligent hiring, Plaintiff suffered injuries has incurred, and may continue to incur, expenses for medical care and attention; has suffered serious and permanent injury that has significantly affected his ability to perform his customary daily activities, has suffered lost wages, and has suffered, and will continue to suffer, physical pain and mental anguish.

32. All of Plaintiff s losses and damages were directly and proximately caused by the aforementioned negligence of Defendant, LYFT, INC. and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff, without an opportunity for Plaintiff to avoid the incident.

## PRAYER FOR RELIEF

**WHEREFORE**, for the forgoing reasons, Plaintiff respectfully demands judgment against the Defendants, MYONG GUN KIM and Lyft, Inc Jointly and severally, in an amount of One Million Dollars ($1,000,000.00) plus interest and costs, along with any other relief the Court deems just and proper.

Dated: August 5, 2022

                                                  Respectfully submitted,

                                                  /s/ Reshad Favors

Reshad Favors, Esq.
Burns Sheppard Favors, PLLC
1875 Connecticut Ave, NW 10th Floor
Washington, DC 20009
(202) 508-8249
reshad@bsflegal.com

*Counsel for Plaintiff*

## JURY DEMANDED

Plaintiff respectfully requests a jury trial as to all issues alleged herein.

/s/ Reshad Favors

Reshad Favors, Esq.



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

JEANNIE DICLEMENTI
   Vs.                                                        C.A. No.      2022 CA 003500 B
LYFT, INC. et al

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                    **Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge HEIDI M PASICHOW
Date:         August 5, 2022
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, November 04, 2022
Location:   Courtroom 516
             500 Indiana Avenue N.W.
             WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides, "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

Civil Remote Hearing Instructions for Participants

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:** (AUDIO ONLY/Dial-in by Phone):

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise.  If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the **Audio Alternative**

**Option 2:** **(LAPTOP/ DESKTOP USERS 1):**

Open Web Browser in Google Chrome and copy and paste following address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3:** **(LAPTOP/ DESKTOP USERS 2):**

Open Web Browser in Google Chrome and copy and paste following address
https://dccourts.webex.com   Select **Join**, enter the Meeting ID from the next page



**AUDIO ALTERNATIVE**:  Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window.  Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.

**Option 4:** **(Ipad/SMART PHONE/TABLET):**

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be
- seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

For Technical Questions or issues Call: (202) 879-1928, Option #2

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
| --- | --- | --- | --- | --- |
| | | | WebEx Direct URL | WebEx Meeting ID |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

| | | | |
|---|---|---|---|
| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |