**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JEANNIE DICLEMENTI | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No.: 22-cv-002634 |
| | : | |
| LYFT, INC., et al. | : | |
| | : | |
| Defendants. | : | |

# JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE

Pursuant to the rules of this Court, counsel in the above-styled matter submit this report regarding the issues discussed at their LCvR 16.3 Conference. A proposed Scheduling Order incorporating the parties' report is included herein.

## I. STATEMENT OF THE CASE

Plaintiff alleges that on April 10, 2022, she was a passenger in a vehicle being driven by Defendant Myong Gun Kim. She alleges that Defendant Kim was in the process of completing a Lyft ride as an agent and/or employee of and/or while she was using the Lyft application, website, and technology platform (the "Lyft platform"). Plaintiff alleges further that Defendant Kim, while operating his automobile, drove away as Plaintiff was still entering the vehicle. The incident occurred at or near 1000 H St NW, Washington, DC 20001. As a result of the incident, Plaintiff is alleging that she sustained significant injuries, including a fractured femur that required surgery. Defendants are disputing liability and damages. Defendant Lyft specifically denies any agency or employment relationship with Defendant Kim, as Defendant Kim was an independent contractor who was using the Lyft platform at the time of the accident.

## II. RULE 16.3 REPORT

1. Status of Dispositive Motions. There are no dispositive motions pending. The parties will have to conduct written discovery and depositions in this matter before determiningwhether this action is likely to be resolved by dispositive motion. Depending on how discovery transpires, Defendant Lyft may file a dispositive motion regarding the lack of agency and/or employment of Defendant Kim.

2. Amended Pleadings: The parties do not anticipate any other parties being joined. The parties will have to conduct written discovery and depositions to determine how the factualand legal issues can be agreed upon or narrowed.

3. Assignment to Magistrate Judge: Plaintiff does not consent to the assignment of this case to a Magistrate Judge. Defendants do not consent at this time.

4. Settlement Possibility: The parties will work in good faith towards settling the case at the earliest practicable stage. The parties have had initial settlement discussions and are scheduled for a private mediation on October 5, 2022. However, at this point, if the matter does not resolve at mediation, the parties will likely have to conduct written discovery and depositions before determining the potential for settlement.

5. Alternative Dispute Procedures: The parties agree to engage in a Settlement Conference after discovery is conducted, in the event the October 5, 2022 is unsuccessful.

6. Dispositive Motions: The parties think that any dispositive motions should be filed within 21 days after close of discovery and that any oppositions and replies should be filedin accordance with LCvR 7 (b) and (d). *See* No. 8 below for the parties' proposed schedule.

7. Initial Disclosures: The parties stipulate that the initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1) shall not be required.

8. Discovery. The parties believe that the standard limit for all discovery, as provided

by the Federal Rules of Civil Procedure, should apply to the instant case. The partiesjointly propose the following schedule for discovery, motions, and ADR:

**October 28, 2022: Plaintiff's Rule 26(a)(2) Statement.**

**December 2, 2022: Defendants' Rule 26(a)(2) Statement.**

**January 31, 2023: Close of Discovery.**

**February 21, 2023: Dispositive Motions Due.**

**ADR – to be set 30 days after the close of discovery or 30 days after rulings on dispositive motions.**

**60 days following ADR: Pretrial Conference (to be set at the Court's discretion).**

**60-90 days following the Pretrial Conference: Trial (to be set at the Court's discretion)**

9. Electronically Stored Information: The parties do not think that this will be an issue in this matter.

10. Issues about claims of privilege: The parties do not think that this will be an issue in this matter.

11. Experts: *See* No. 8 for proposed schedule, which includes the proposed deadlines for expert discovery.

12. Class Action Procedures: Not applicable.

13. Bifurcation of Discovery or Trial: The parties do not think that bifurcation of this matter is appropriate.

14. Proposed Date for the Pretrial Conference: *See* No. 8, supra. The parties think that the pretrial conference should be scheduled to allow for completion of discovery and anyCourt-ordered mediation prior to the pretrial conference.

15. Trial Date: *See* No. 8, *supra*. The parties think that a trial date should be scheduled

after completion of discovery, and after completion of any Court-ordered mediation.

16. Other Matters: None at this time.

Respectfully submitted,

/s/Karen Herzog
Karen M. Herzog, #MD0031
DOWNS WARD BENDER HERZOG & KINTIGH, P.A.
Executive Plaza III, Suite 400
11350 McCormick Road
Hunt Valley, Maryland 21031
(443) 589-3334
kherzog@downs-ward.com
*Counsel for Defendant, Myong Gun Kim*

/s/Kathryn Bonorchis
Kathryn Bonorchis, #977709
Joseph Doukmetzian, #144608
Lewis Brisbois Bisgaard & Smith LLP
100 Light Street, Suite 1300
Baltimore, Maryland 21202
(410) 525-4609
Kathryn.Bonorchis@lewisbrisbois.com
Joseph.Doukmetziab@lewisbrisbois.com
*Counsel for Defendant Lyft, Inc.*

/s/Reshad D. Favors
Reshad D. Favors,
Burns Sheppard Favors
655 15th St. NW, 8th Floor
Washington, DC 2005
(202) 508-8249
Reshad@bsflegal.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered via ECF to the Court and the counsel of record this 27th day of September 2022:

/s/Reshad D. Favors
Reshad D. Favors, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JEANNIE DICLEMENTI | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No.: 22-cv-002634 |
| | : | |
| LYFT, INC., et al. | : | |
| | : | |
| Defendants. | : | |

**[PROPOSED] INITIAL SCHEDULING ORDER**

UPON CONSIDERATION of the Report of Local Rule 16.3 Conference and the entirerecord herein, it this_____________day of____________, 2022 hereby

ORDERED that Plaintiff's Rule 26(a)(2) Statement shall be due on October 28, 2022;and it is further

ORDERED that Defendants' Rule 26(a)(2) Statement shall be due on December 2,2022; and it is further

ORDERED that discovery shall close on January 31, 2023; and it is further ORDERED that any dispositive motions shall be filed no later than February 21, 2023, and any oppositions and replies thereto shall be filed in accordance with LCvR 7 (b), (d); and it is further,

ORDERED that Mediation shall be scheduled by the parties within 60 days after the close of discovery or within 30 days of the resolution of any dispositive motions; and it is further,

ORDERED that, if Mediation is unsuccessful, the Pretrial Conference shall be scheduled within 60 days of Mediation; and it is further

ORDERED that, if necessary, the Trial shall be scheduled within 60-90 days following the Pretrial Conference.

Date________________________________

________________________________
Tanya S. Chutkan United States District Judge

*Copies to all parties via electronic filing*